# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

JEROME J. GEHANT

VERSUS

AIR & LIQUID SYSTEMS
CORPORATION, ET AL.

CIVIL ACTION NO.

19-732-SDD-EWD

## NOTICE AND ORDER

Before the Court are "Motions for Joinder with Notice of Removal" ("Motions for Joinder") filed by Defendants General Electric Company; CBS Corporation; Crane Co.; IDEX Corporation; and Technip USA, Inc.[1] The original removing defendant, Foster Wheeler Corporation ("Foster Wheeler") has sufficiently pled that the basis for removal is premised upon "federal officer" jurisdiction under 28 U.S.C. §1442(a)(1), which statute "grants independent jurisdictional grounds over cases involving federal officers, where a district court otherwise would not have jurisdiction."[2] Foster Wheeler contends that the allegations in the Petition pertain to work performed by Foster Wheeler pursuant to a federal contract between Foster Wheeler and the U.S. Navy, such that Foster Wheeler was "acting under" color of federal authority when performing the work at issue.[3] Foster Wheeler's Notice of Removal removed the entire action on the basis of federal officer jurisdiction: "…it is settled that the filing of petition for removal by a

---

[1] R. Docs. 7, 8, 10, 13, and 15. Plaintiff Jerome J. Gehant ("Plaintiff") has filed his "Consent to Removal," *i.e.*, notice of no opposition to four of the Motions for Joinder in compliance with the Court's October 25, 2019 Order. *See* R. Docs. 12 and 14.
[2] *IMFC Prof'l Servs. of Fla., Inc. v. Latin Am. Home Health, Inc.,* 676 F.2d 152, 156 (5th Cir. 1982) (citations omitted); *and see Perez v. Rhiddlehoover*, No. 15914, 247 F.Supp. 65, 71 (E.D. La. Oct. 19, 1965) (citations omitted): "[t]he 'federal officer' removal statute has long been held to be a jurisdictional grant in itself, in contradistinction to the general removal statute (28 U.S.C.A. § 1441(a))…."
[3] R. Doc. 1, ¶¶ 3-5, 14. Four of the Motions for Joinder also allege that federal officer jurisdiction exists over Plaintiff's specific claims against the filing Defendants, *i.e.*, General Electric Company; CBS Corporation; Crane Co.; and IDEX Corporation.

single federal officer removes the entire case to federal court."[4] Accordingly, the Motions for Joinder are unnecessary and will be denied as moot. The Court construes the pending Motions for Joinder as notices of consent to Foster Wheeler's removal of this action.[5] Current and/or future parties who are subsequently served/appear in this action need not file any additional motions for joinder but may file notices of consent to removal (although not necessary) and may assert any independent basis for jurisdiction therein, as applicable.

Accordingly,

**IT IS ORDERED** that the Motions for Joinder with Notice of Removal filed by Defendants General Electric Company; CBS Corporation; Crane Co.; IDEX Corporation; and Technip USA, Inc.[6] are **DENIED AS MOOT.** The Motions for Joinder are construed as notices of consent to removal.

Signed in Baton Rouge, Louisiana, on November 1, 2019.

                                            **ERIN WILDER-DOOMES**
                                            **UNITED STATES MAGISTRATE JUDGE**

---

[4] *Fowler v. S. Bell Tel. & Tel. Co.,* 343 F.2d 150 (5th Cir. 1965) (citations omitted). *See also IMFC Prof'l Servs.*, 676 F.2d at 158: "Section 1442(a)(1) authorizes removal of the entire case even though only one of its controversies might involve a federal officer or agency. *Fowler v. Southern Bell Tel. & Tel. Co.,* 343 F.2d 150, 152 (5th Cir. 1965). Thus s 1442(a)(1) creates a species of ancillary jurisdiction over the nonfederal elements of the case."
[5] *See* R. Doc. 8, p. 2, n. 2, wherein Defendant CBS Corporation recites authority recognizing that there is no need for additional federal officers to seek joinder following removal premised upon federal officer jurisdiction.
[6] R. Docs. 7, 8, 10, 13, and 15.