# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**JEROME J. GEHANT**                                    **CIVIL ACTION NO.**

**VERSUS**

                                                            **19-732-SDD-EWD**

**AIR & LIQUID SYSTEMS, CORP., ET AL.**

## <u>NOTICE</u>

Please take notice that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on August 31, 2021.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**JEROME J. GEHANT**                                    **CIVIL ACTION NO.**

**VERSUS**
                                                        **19-732-SDD-EWD**
**AIR & LIQUID SYSTEMS CORP., ET AL.**

## MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

Before the Court is the Motion to Remand (the "Motion"), filed by Jerome J. Gehant ("Plaintiff").[1] The Motion is opposed by Defendant McDermott, Inc. ("McDermott").[2] Although the Court originally had jurisdiction over all claims based on federal officer removal, all federal officer defendants have now been dismissed from the case. As explained further below, it is recommended[3] that the Court decline ancillary jurisdiction over Plaintiff's remaining claims against McDermott and remand this case to the Nineteenth Judicial District Court for the Parish of East Baton Rouge.

## I.    FACTS AND PROCEDURAL BACKGROUND

This is a civil action involving claims for damages based upon injuries allegedly sustained by Plaintiff when he served in the U.S. Navy from March 1967 through December 1970, and when he worked for McDermott (and others) from 1984 to 1999, aboard ships and barges that exposed him to asbestos.[4] Plaintiff was diagnosed with mesothelioma on May 24, 2019 as a result of these alleged exposures.[5]

---

[1] R. Doc. 74 *and see* Reply at R. Doc. 79.

[2] R. Doc. 75.

[3] The Fifth Circuit has held that "a motion to remand is a dispositive matter on which a magistrate judge should enter a recommendation to the district court subject to *de novo* review." *Davidson v. Georgia-Pacific, L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016).

[4] R. Doc. 1-2, ¶¶ 5-6, 11-24.

[5] R. Doc. 1-2, ¶ 16.

On September 18, 2019, Plaintiff filed his Petition for Damages ("Petition") in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, alleging that sixteen defendants, grouped as follows, are liable for his injuries:[6] (1) the Shipowner Defendants, including McDermott,[7] (2) the Manufacturer Defendants;[8] (3) and the Insurance Defendants.[9] Plaintiff asserted claims under the Jones Act, 46 U.S.C. § 30104, as well as unseaworthiness claims under general maritime law against the Shipowner Defendants, and negligence and strict liability claims against the Manufacturer Defendants.[10]

On October 23, 2019, Foster Wheeler Corporation ("Foster Wheeler") filed a Notice of Removal on the basis of the federal officer removal statute, 28 U.S.C. § 1442(a)(1).[11] Five other Defendants filed Motions for Joinder in the Notice of Removal, which Plaintiff did not oppose.[12] As Plaintiff did not oppose the Motions for Joinder, they were denied as moot and construed as consents to removal.[13] Plaintiff's claims against all Defendants, except McDermott, have since been dismissed without prejudice.[14] According to McDermott, Plaintiff filed a second action in the Circuit Court for the City of Norfolk, Virginia alleging the same claims against the same Manufacturer Defendants that were dismissed from this matter.[15]

---

[6] R. Doc. 1-2 *and see* ¶ 1.
[7] R. Doc. 1-2, ¶ 1, also naming Chet Morrison Offshore, LLC; Offshore Specialty Fabricators, LLC; and Technip USA Inc.
[8] R. Doc. 1-2, ¶ 1 naming Air & Liquid Systems Corporation; CBS Corporation; Crane Co.; Foster Wheeler Corporation; General Electric Company; IDEX Corporation; IMO Industries, Inc.; Ingersoll-Rand Company; the Nash Engineering Company; and Warren Pumps.
[9] R. Doc. 1-2, ¶ 1 naming Utica Mutual Insurance Company and TIG Insurance Company.
[10] R. Doc. 1-2, ¶¶ 30-36.
[11] R. Doc. 1.
[12] R. Doc. 7, filed by General Electric Company; R. Doc. 8, filed by CBS Corporation; R. Doc. 10, filed by Crane Co.; R. Doc. 13, filed by IDEX Corporation; and R. Doc. 15, filed by Technip USA, Inc. The consents filed by the Manufacturer Defendants also asserted § 1442 as the basis for removal. Plaintiff was ordered to file a notice indicating whether he opposed the Motions for Joinder. In response, Plaintiff filed a Notice stating that he did not oppose the Motions for Joinder. R. Docs. 12, 14.
[13] R. Doc. 18.
[14] R. Docs. 25, 33, 35, 37-38, 48, 51-52, 55-56, 59-60, 62, 67-68, 71.
[15] *See* R. Doc. 75, p. 2 and 75-1.

Plaintiff seeks remand since all the federal officer defendants, whose presence initially gave rise to jurisdiction, have been dismissed from the case. [16]  As explained further below, the Court should exercise its discretion to remand this suit.

## II.  LAW AND ANALYSIS

### A.  The Case Was Properly Removed Under 28 U.S.C. § 1442

Neither Plaintiff nor McDermott challenge Foster Wheeler's removal of this case based on §1442.[17]  Regardless, since the parties cannot confer jurisdiction,[18] it must first be determined whether the Court had jurisdiction when the case was removed.

As amended in 2011 and still effective, the federal officer removal statute at 28 U.S.C. § 1442(a)(1) provides, in pertinent part:

> (a) A civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States ... :
> (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office ....[19]

The Supreme Court has explained that the purpose of this provision is to protect the lawful activities of the federal government from undue state interference.[20] As the federal government "can act only through its officers and agents," it has a strong interest in ensuring that the states do not hinder those officers in the execution of their duties.[21]  Because of its broad language and unique purpose, the federal officer removal statute has been interpreted to operate somewhat

---

[16] R. Doc. 74.
[17] R. Doc. 74-1, p. 4 and R. Doc. 75, p. 2.
[18] *Gasch v. Hartford Acc. & Indem. Co.,* 491 F.3d 278, 284 (5th Cir. 2007) ("…subject matter jurisdiction 'cannot be conferred by consent, agreement, or other conduct of the parties.'")(citations omitted).
[19] *Latiolais v. Huntington Ingalls, Inc.,* 951 F.3d 286, 290 (5th Cir. 2020).
[20] *Neal v. Ameron Int'l Corp.,* No. 20-00172, 495 F. Supp. 3d 375, 382 (M.D. La. 2020), *citing Mesa v. California,* 489 U.S. 121, 126 (1989).
[21] *Willingham v. Morgan,* 395 U.S. 402, 406 (1969), *quoting Tennessee v. Davis,* 100 U.S. 257, 263 (1879).

differently. Unlike the general removal statute, which must be "strictly construed in favor of remand,"[22] the federal officer removal statute's broad language must be liberally interpreted.[23] Additionally, the Supreme Court has consistently urged courts to avoid "a narrow, grudging interpretation of § 1442(a)(1)."[24] There is also no requirement in the federal officer removal statute that the district court have original jurisdiction over the plaintiff's claim. A case against a federal officer may be removed even if a federal question arises as a defense rather than as a claim apparent from the face of the plaintiff's well-pleaded complaint.[25] This enables federal officers to remove cases to federal court that ordinary federal question removal would not reach.[26] The party asserting federal jurisdiction in a case removed under § 1442 still bears the burden of establishing that jurisdiction exists.[27]  Remand is proper if the court lacks jurisdiction, including federal officer removal jurisdiction.[28]

At the time of removal, and in light of the liberal interpretation given to § 1442, federal officer removal jurisdiction was sufficiently pleaded as to at least one defendant,  Foster Wheeler, to-wit: (1) Foster Wheeler, a corporation, is a "person" for purposes of 28 U.S.C. § 1442(a);[29] (2)

---

[22] *Dempster v. Lamorak Insurance Co.,* 435 F. Supp. 3d 708, 720 (E.D. La. 2020), *citing Watson v. Philip Morris Companies, Inc.,* 551 U.S. 142, 147 (2007) and *Winters v. Diamond Shamrock Chemical Co.*, 149 F.3d 387, 398 (5th Cir. 1998) ("Furthermore, this right is not to be frustrated by a grudgingly narrow interpretation of the removal statute.") (other citations omitted).

[23] *Neal,* 495 F. Supp. 3d at 382, *citing Watson*, 551 U.S. at 147-48 and *Willingham*, 395 U.S. at 406.

[24] *Latiolais*, 951 F.3d at 290-91, *citing Willingham*, 395 U.S. at 407; *Arizona v. Manypenny,* 451 U.S. 232, 242 (1981); *Jefferson County, Ala., v. Acker*, 527 U.S. 423, 431 (1999).

[25] *See Latiolais,* 951 F.3d at 290, *citing Mesa,* 489 U.S. at 136 ("As the Supreme Court has explained, 'the raising of a federal question in the officer's removal petition ... constitutes the federal law under which the action against the federal officer arises for Art. III purposes.'")

[26] *Latiolais*, 951 F.3d at 290.

[27] *Bartel v. Alcoa Steamship Co.,* 64 F. Supp. 3d 843, 853 (M.D. La. Dec. 4, 2014), *aff'd sub nom. Bartel v. Alcoa S.S. Co.,* 805 F.3d 169 (5th Cir. 2015) (partially overruled on other grounds) and *Dempster,* 435 F. Supp. 3d at 720*, both citing Winters,* 149 F.3d at 398.

[28] *See* 28 U.S.C. § 1447(c), *and see, e.g., City of Walker v. Louisiana through Dep't of Transportation & Dev.,* 877 F.3d 563, 571 (5th Cir. 2017) (affirming the district court's remand order as to federal officer jurisdiction because the appellants failed to meet their burden to show that the defendant was "acting under" a federal officer when it designed and built a project).

[29] R. Doc. 1, ¶ 13 *citing Winters*, 149 F.3d at 398 (examining the federal officer removal statute and explaining that "corporate entities qualify as 'persons' under § 1442(a)(1)").

Foster Wheeler "acted under" a federal officer's direction when it designed, manufactured and supplied boilers that contained asbestos pursuant to contracts and specifications executed by the U.S. Navy, as supported by affidavits of a former Foster Wheeler employee and a retired Naval officer, and the contents of all associated warnings were under the control of the U.S Navy;[30] (3) Plaintiff's design defect and failure to warn claims arose from Foster Wheeler's design of the boilers and failure to warn of asbestos-related health hazards under the direction of the U.S. Navy, and thus there is a connection or association between Plaintiff's claims and Foster Wheeler's work under the direction of the U.S. Navy;[31] and (4) Foster Wheeler asserted that it had a "government contractor" defense to each of Plaintiff's claims under *Boyle v. United Technologies Corp.*[32] As further support, Foster Wheeler alleged that it designed, manufactured and supplied the U.S. Navy with the boilers at issue aboard the *U.S.S. America*[33] during the time that Plaintiff testified he served in the U.S. Navy and worked with those boilers, which contained asbestos and caused him to develop mesothelioma.[34] Plaintiff's deposition testimony is not in the record; however, Exhibit A to Plaintiff's Petition lists "U.S.S. America (CV A66)" as the site of his work with the U.S Navy

---

[30] R. Doc. 1, ¶¶ 14-18 *citing* R. Docs. 1-4 through R. Doc. 1-9.

[31] R. Doc. 1, ¶ 19. *See Latiolais*, 951 F.3d at 296 ("...the pleadings here satisfy the 'connection' condition of removal. Latiolais alleges that Avondale failed to warn him of the dangers of asbestos and failed to take measures to prevent exposure. This negligence is connected with the installation of asbestos during the refurbishment of the USS Tappahannock. Avondale performed the refurbishment and, allegedly, the installation of asbestos pursuant to directions of the U.S. Navy. Thus, this civil action relates to an act under color of federal office.").

[32] R. Doc. 1, ¶ 20 *citing* 487 U.S. 500, 512 (1988).

[33] The record does not contain any independent documentation that Foster Wheeler supplied boilers specifically aboard the *U.S.S. America*; however, the Notice of Removal alleges that Plaintiff testified he worked with Foster Wheeler boilers on that vessel (R. Doc. 1, ¶ 3: "On October 15 and 16, 2019, Plaintiff was deposed and alleged his exposure to asbestos occurred, in part, aboard the *U.S.S. America* while serving in the U.S. Navy and further alleged that some of this exposure arose from his work on FW boilers aboard that U.S. Navy vessel."). Other courts have noted that Foster Wheeler supplied boilers aboard the *U.S.S. America* for the U.S. Navy during an overlapping time period. *See Riddle v. Foster Wheeler, LLC*, No. 2:11-CV-00318, 2012 WL 2914044, at *1 (E.D. Pa. May 29, 2012) (granting summary judgment to Foster Wheeler on the government contractor defense on facts reflecting: "Defendant Foster Wheeler, LLC ("Foster Wheeler") manufactured boilers. The alleged exposure pertinent to Defendant Foster Wheeler occurred during Plaintiff's service in the Navy aboard the following ship: *USS America* (CV–66)—1964 to 1969.").

[34] R. Doc. 1, ¶¶ 2-4 *citing* R. Doc. 1-2, ¶¶ 13, 37, 39.

from March 23, 1967 through December 21, 1970.[35] Thus, Foster Wheeler sufficiently alleged a basis for federal officer removal over Plaintiff's failure to warn and design defect claims.[36]

## B.  The Court Has Ancillary Jurisdiction Over the Remaining Claims

The only remaining claims before the Court are Plaintiff's Jones Act and general maritime claims for unseaworthiness against McDermott.[37] Notably for the purpose of the Motion, §1442(a)(1) authorizes removal of the entire case even though only one of its controversies might involve a federal officer or agency.[38] This creates a species of ancillary jurisdiction over the remaining claims.[39]  Plaintiff argues that, per *IMFC*, this Court has "discretion to remand to state court once the party who removed the case under the federal officer removal statute is dismissed from the suit."[40]  In that case, and after thoroughly considering the issue, the Fifth Circuit held that "elimination of the federal officer from a removed case does not oust the district court of jurisdiction (except where there was no personal jurisdiction over the officer)."[41] Instead, ancillary jurisdiction exists over the plaintiff's state law claims, and whether to retain jurisdiction is a matter of the court's discretion.  This holding was adopted in the other cases, cited by Plaintiff, which discuss ancillary jurisdiction over state law claims.[42]  McDermott does not dispute Plaintiff's

---

[35] R. Doc. 1-2, p. 17. Plaintiff also did not challenge removal. R. Doc. 14.  While the parties cannot confer jurisdiction, the lack of an opposition to removal indicates that Plaintiff did not dispute Foster Wheeler's references to his testimony in support of removal.

[36] McDermott does not assert that it is independently entitled to remove as a federal officer pursuant to § 1442.

[37] R. Doc. 1-2, pp. 8-11.

[38] *IMFC Professional Services. of Fla., Inc. v. Latin Am. Home Health, Inc.,* 676 F.2d 152, 158 (5th Cir. 1982), *citing Fowler v. Southern Bell Tel. & Tel. Co*., 343 F.2d 150, 152 (5th Cir. 1965).

[39] *Id.*

[40] R. Doc. 74-1, p. 5, *citing IMFC* and *Spencer v. New Orleans Levee Bd.*, 737 F.2d 435 (5th Cir. 1984), *Marquee Acquisitions, LLC v. Highlander Condominiums, LLC,* No. 13-00596, 2014 WL 2601464 (M.D. La. June 10, 2014), *District of Columbia v. Merit Systems Protection Bd.,* 762 F.2d 129 (D.C. Cir. 1985); *Cohen v. Est. of Lionel,* No. 2011-0077, 2016 WL 1039551 (D. Virgin Islands Mar. 10, 2016); and *Grimes v. AT&T Corp.,* No. CV158466, 2018 WL 3954853, at *5 (D.N.J. Aug. 17, 2018).  *See* McDermott's opposition memorandum at R. Doc. 75 and Plaintiff's reply memorandum at R. Doc. 79.

[41] 676 F.2d at 159 (citations omitted).

[42] *Spencer,* 737 F.2d at 438;  *Marquee Acquisitions, LLC,* 2014 WL 2601464, at *1; *Merit Systems Protection Bd.,* 762 F.2d at 133;  *Grimes,* 2018 WL 3954853, at *5; and *e.g., Cohen,* No. 2016 WL 1039551, at *5 (foreclosure action removed by the United States pursuant to 28 U.S.C. § 1444 and finding ancillary jurisdiction "over the local claims" after the United States was dismissed).

reliance on *IMFC* and argues that because that court ultimately retained the remaining claims, this Court should do the same.[43] However, *IMFC* is more nuanced.

In *IMFC*, two defendants appealed the district court's retention of jurisdiction after the dismissal of the federal officer third-party defendant who removed the case, and the court's unfavorable summary judgment ruling on state law claims.  The Fifth Circuit Court held: "It is not necessary for us to consider whether the district court abused its discretion in not remanding this case, for [the movants] never requested remand until after the court ruled against them on the summary judgment motion."[44] After evaluating the exercise of ancillary jurisdiction, and reversing the district court's summary judgment ruling, the Fifth Circuit ultimately remanded the case holding: "… because we reverse the court's order in part and remand to it for further proceedings, defendants should be permitted to request of the district court that any further proceedings be remanded. The district court then would be under a duty to assess the propriety of its continued exercise of jurisdiction."[45]

While *IMFC* involves the exercise of ancillary jurisdiction over state law claims, the reasoning still appears to apply to this case. Although Plaintiff's Jones Act and general maritime claim for unseaworthiness may be brought in federal or state court,[46] when, as here, the claims are filed in state court, they would not be removable absent the federal officer removal statute, or some

---

[43] R. Doc. 75, p. 3.

[44] 676 F.2d at 160.

[45] *Id.*

[46] *See* Wright & Miller, § 3677 Cases Involving Maritime Torts—Jurisdiction Under the Jones Act, (4th ed.) ("The subject matter jurisdiction in some of the cases brought under the Jones Act is dual: it lies under both the Jones Act and general maritime jurisdiction. Because there is federal question jurisdiction for actions under the Jones Act, the seaman may bring suit in a district court without invoking the federal courts' subject matter jurisdiction over admiralty and maritime matters.")  *See also Linton v. Great Lakes Dredge & Dock Co.,* 964 F.2d 1480, 1490 (5th Cir. 1992) ("The Jones Act plaintiff can elect a non-jury trial in federal court either 1) by electing to sue in admiralty or 2) by grounding his suit on federal question jurisdiction, i.e., the Jones Act, and not requesting a jury…. As the Supreme Court and our authority have observed, federal jurisdiction in admiralty over a Jones Act claim may be asserted under 28 U.S.C. § 1333.").  *See also Langlois v. Kirby Inland Marine, LP,* 139 F. Supp. 3d 804, 807 (M.D. La. 2015) ("[U]nder § 1333's 'saving to suitors' clause, the case [referring to general maritime claims] may be brought in state or federal court ….") (citations omitted).

independent basis for jurisdiction that has not been established in this case.[47]  This militates in favor of treating the remaining claims the same as state law claims would be treated.  S*ee also* Wright and Miller, which does not limit the exercise of ancillary jurisdiction to purely state law claims:

> Because Section 1442(a)(1) authorizes removal of the entire action even if only one of the controversies it raises involves a federal officer or agency, **the section creates a species of statutorily-mandated supplemental subject-matter jurisdiction**. **The district court can exercise its discretion to decline jurisdiction over the supplemental claims if the federal agency drops out of the case, or even if the federal defendant remains a litigant.** Whether the supplemental claims should be remanded if the federal officer's "anchor" claim is dismissed or settled, or if the supplemental claims have been asserted against non-federal parties, depends on considerations of comity, federalism, judicial economy, and fairness to litigants."[48]

When, as here, the federal officers are dismissed from the case, the district court can exercise its discretion and decline to exercise ancillary jurisdiction over the remaining claims.[49]

## C.  The Remaining Claims Should be Remanded as a Matter of Discretion

The factors to consider in determining whether to remand the remaining claims include the plaintiff's choice of forum, as well as principles of comity, fairness, and judicial economy.[50]  The

---

[47] The Jones Act incorporates the federal laws regulating recovery for personal injury to railway employees, *i.e.*, the Federal Employers' Liability Act ("FELA.").  Therefore, Jones Act claims are statutorily non-removable pursuant to 28 U.S.C. § 1445(a).  *Lackey v. Atlantic Richfield Co.,* 990 F.2d 202, 207 (5th Cir.1993) ("'It is axiomatic that Jones Act suits may not be removed from state court' because the Jones Act "incorporates the general provisions of [FELA], including 28 U.S.C. § 1445(a), which in turn bars removal."") Further, "[a]bsent an independent basis for jurisdiction, general maritime claims are not removable," and 28 U.S.C. § 1333 "does not give federal courts subject matter jurisdiction over maritime claims brought at law." *Langlois,* 139 F. Supp. 3d at 815(cleaned up).  General maritime claims are also not federal questions under 28 U.S.C. § 1331. *See Bartel*, 64 F. Supp. 3d at 849 ("The Supreme Court has held that maritime claims, for which federal courts have original jurisdiction under 28 U.S.C. § 1333, do not "arise under" the Constitution, law, or treaties of the United States within the meaning of 28 U.S.C. § 1331.").

[48] § 3726 Removal of Particular Cases—Federal Officers and Agencies, 14C Fed. Prac. & Proc. Juris. § 3726 (Rev. 4th ed.) (emphasis added).

[49] *Williams v. Lockheed Martin Corp.,* No. 09-65, 2016 WL 1253562, at *4 (E.D. La. Mar. 31, 2016), *aff'd,* 990 F.3d 852 (5th Cir. 2021), *citing IMFC*, 676 F.2d at 160, *and Spencer,* 737 F.2d at 438.

[50] *Spencer*, 737 F.2d at 438; *Marquee Acquisitions, LLC,* 2014 WL 2601464, at *2; *Ewell v. Petro Processors of Louisiana, Inc.,* 655 F. Supp. 933, 937 (M.D. La. 1987); *Merit Systems Protection Bd.,* 762 F.2d at 133; and *see* Wright and Miller, § 3726 Removal of Particular Cases (quoted above, stating consideration should be given to comity, federalism, judicial economy, and fairness to litigants, and noting: "Remanding the remainder of the litigation when

balance of these factors weighs in favor of remand. First, Plaintiff chose a state court forum for these claims, which is entitled to deference.[51]  McDermott argues: "had this case been filed in this Court originally against McDermott as the sole defendant, this Court would have had federal admiralty jurisdiction due to the nature of the claims against McDermott under the Jones Act and for unseaworthiness."[52]  McDermott also contends that Plaintiff's reliance on *Spencer* "is not on point because in *Spencer* once the federal agency was eliminated from the case there was no continuing basis for jurisdiction, whereas here, the Jones Act and unseaworthiness claims of Plaintiff provide a basis for federal jurisdiction independent of the federal officer claims."[53]

McDermott's argument misses the point. While the Court would have had *original* jurisdiction over the Jones Act claim, and a general maritime claim filed here in admiralty, Plaintiff did not originally assert the claims here.  The Jones Act claim would not have been removable absent federal officer jurisdiction, and no party has established an independent basis for jurisdiction to support removal of the general maritime claim.

Regarding comity, state courts are empowered to exercise concurrent jurisdiction over the remaining claims, and are equally capable of deciding them, particularly where, as here, little has happened in the case substantively.[54] Federalism concerns are not implicated because the claims are not uniquely federal, nor do they present novel federal issues.  Next, although Plaintiff seeks remand after some participation in the case, two of the filings were in response to Court orders,

---

the case has not proceeded so far as to make remand an inefficient use of resources is another way the federal courts can express concern for states' rights and limit federal interference in matters of state interest.") (citations omitted).

[51] *Spencer*, 737 F.2d at 438 (once the federal claims had been dismissed, the district court properly exercised its discretion to remand the case, giving deference to "the plaintiffs' choice of forum where there was no continuing basis for federal jurisdiction").

[52] R. Doc. 75, p. 3.

[53] R. Doc. 75, p. 3.

[54] *See In re Dutile,* 935 F.2d 61, 63–64 (5th Cir. 1991) ("In § 1445(a), Congress has granted Jones Act plaintiffs the uncommon right to choose-without regard for the wishes of defendants-to litigate their claims in state court if they so desire.").

two were associated with settlement, and the motions to dismiss served to pare down the litigation, so those motions were not beneficial only to Plaintiff.[55] While the case has been pending for about two years, nothing of substance has occurred due to the filing of the instant Motion.[56] Nor are the concerns of *IMFC*—that Plaintiff waited to seek remand until after he received an adverse ruling—present here. Therefore, a remand to state court will not create the risk of wasted judicial resources or inefficiencies.

The other arguments in favor of retention are not more compelling than those favoring remand. While McDermott urges retention so that it can potentially utilize Fed. R. Civ. P. 14(c),[57] that Rule requires that a defendant "assert a right under Supplemental Rule C(6)(a)(i)," which, per its terms, applies to *in rem* actions.[58] This case does not appear to be an *in rem* action,[59] and

---

[55] Plaintiff's filings include: (1) A notice of no objection to the Defendants' Motions for Joinder in the removal. R. Docs. 12, 14. However, Plaintiff was ordered to respond to the Motions for Joinder; (2) a joint motion for extension of the scheduling conference and status report deadline. R. Doc. 65. The joint motion for extension was filed so that the parties could participate in settlement negotiations after review of Plaintiff's pathology reports and other medical records; (4) a joint motion for an entry of a protective order (presumably) relating to the pathology reports. R. Doc. 69; (5) a joint status report that was filed after the instant Motion. R. Docs. 72, 80; and (6) twelve motions to dismiss various Defendants. R. Docs. 32, 34, 47, 49, 50, 53, 54, 57, 58, 61, 63, 70.

[56] *Contrast*, for example, the court's holding in *Williams*, 2016 WL 1253562, at *5, retaining jurisdiction over remaining state law claims, despite dismissal of the defendant who asserted a federal officer defense and removed the case pursuant to §1442, because the case had been pending for seven years, all discovery had been completed, the judge presiding over the MDL proceedings found that the case was ready for trial, the deadline for summary judgment had passed and all motions filed had been decided. Further, the plaintiffs waited to seek remand until eighteen months after remand from the MDL court, and over nine months after the Fifth Circuit denied a prior appeal in which the plaintiffs challenged the district court's earlier denials of motions to remand and the grant of summary judgment to the defendant. On review, the Fifth Circuit upheld the retention of jurisdiction. 990 F.3d at 863. In this case, a scheduling order has not even been issued. R. Doc. 77.

[57] Fed. R. Civ. P. 14(c)(1) provides: "If a plaintiff asserts an admiralty or maritime claim under Rule 9(h), the defendant or a person who asserts a right under Supplemental Rule C(6)(a)(i) may, as a third-party plaintiff, bring in a third-party defendant who may be wholly or partly liable--either to the plaintiff or to the third-party plaintiff--for remedy over, contribution, or otherwise on account of the same transaction, occurrence, or series of transactions or occurrences."

[58] Supplemental Rule C(6)(a)(1) provides: "Responsive Pleading; Interrogatories. (a) Statement of Interest; Answer. **In an action in rem:** (i) a person who asserts a right of possession or any ownership interest in the property that is the subject of the action must file a verified statement of right or interest: (A) within 14 days after the execution of process, or (B) within the time that the court allows; (ii) the statement of right or interest must describe the interest in the property that supports the person's demand for its restitution or right to defend the action; (iii) an agent, bailee, or attorney must state the authority to file a statement of right or interest on behalf of another; and (iv) a person who asserts a right of possession or any ownership interest must serve an answer within 21 days after filing the statement of interest or right." (emphasis added).

[59] *See* Plaintiff's Complaint at R. Doc. 1-2.

McDermott has not argued that it is, nor has McDermott explained the nature of the right it asserts under Supplemental Rule C(6)(a)(i). Finally, McDermott faces the risk of piecemeal litigation,[60] whether the remaining claims stay here or are remanded to Louisiana state court, since Plaintiff has refiled the same claims against the dismissed Defendants in Virginia Circuit Court.[61]

"Once this discretion to decline jurisdiction is exercised, the proper procedure is to remand the case under § 1447(c), for at this point the case becomes one 'removed improvidently and without jurisdiction.'"[62]

## III.    RECOMMENDATION

The Court should decline to exercise ancillary jurisdiction over the remaining Jones Act and general maritime claims and remand the case to state court.  Plaintiff's original choice of a state forum, with no federalism or judicial economy concerns, warrants remand.

Accordingly,

**IT IS RECOMMENDED** that the Motion to Remand,[63] filed by Plaintiff Jerome J. Gehant, be **GRANTED,** remanding this case to the Nineteenth Judicial District Court for the Parish of East Baton Rouge.

Signed in Baton Rouge, Louisiana, on August 31, 2021.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[60] R. Doc. 75, pp. 4-5.
[61] R. Doc. 75-1.
[62] *Spencer,* 737 F.2d at 438, *citing IMFC.*
[63] R. Doc. 74.